PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD L. WILLIAMS, | ) | |
| | ) | CASE NO. 4:16CV00155 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| R. HANSON, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 1] |

*Pro se* Plaintiff Reginald Williams filed this action under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, against Elkton Federal Correctional Institution ("FCI

Elkton")Warden R. Hanson, the United States of America, and the United States Bureau of

Prisons ("BOP").  *See* ECF No. 1.  In the Complaint, Plaintiff alleges BOP Corrections Officers

negligently lost some of his personal items during the transfer process from one prison to

another.  *Id.* at PageID #: 3.  He seeks monetary relief in the amount of $147.35.  *Id.*  For the

reasons below, this action is dismissed.

### I.  Background

Plaintiff alleges he was transferred from FCC Beaumont Low in Texas to FCI Elkton on

October 7, 2014.  ECF No. 1-1 at PageID #: 5.  He states he was given five minutes to pack up

all of his personal property.  *Id.*  Plaintiff contends he told FCI Beaumont Officer Girouard that

he was not able to get all of this things together.  *Id.*  According to Plaintiff, Officer Girouard

indicated that if Plaintiff was unable to pack his property within the allotted amount of time,

(4:16CV00155)

Officer Girouard would pack up the remainder of Plaintiff's property while Plaintiff was away. ECF No. 1-1 at PageID #: 6. Plaintiff was given a property slip to sign. *Id.* at PageID #: 5. Plaintiff contends that when he arrived at FCI Elkton, he noticed he was missing "several legal folders with about 6 manilla envelopes which contained 3-4 magazines," two books with plastic spines, two bowls, Ambi Cream, a bowl with a lid, multi-vitamins, two containers of antifungal cream, seven envelopes and four books. *Id.* at PageID #: 6; ECF No. 1-3 at PageID #: 13.

Plaintiff filed an administrative tort claim with the BOP on January 15, 2015, using form "BP-A0943 Small Claims for Property Damage or Loss (31 U.S.C. § 3723)." *See* ECF No. 1-1. He amended his claim to add the loss of the four books. *See* ECF No. 1-3. The BOP denied both claims. *See* ECF No. 1-4. Plaintiff requested reconsideration. *See* ECF No. 1-5. The BOP again denied his claims. *See* ECF No. 1-7. Plaintiff has now filed this action under the FTCA, 28 U.S.C. § 1346, seeking $ 147.35 in damages. ECF No. 1 at PageID #: 3.

## II.  Standard for Dismissal

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re*

2

(4:16CV00155)

*Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Bormes*, 568 U.S. ——, ——, 133 S.Ct. 12, 16, 184 L.Ed.2d 317 (2012). By enacting the FTCA, Congress waived the United States' sovereign immunity for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). The FTCA, however, exempts certain

3

(4:16CV00155)

claims from waiver. Section 2680(c) of the FTCA exempts from the waiver of sovereign immunity "[a]ny claim arising in respect of the ... detention of any goods, merchandise, or other property by any other law enforcement officer[.]" 28 U.S.C. § 2680(c); *see also Ali*, 552 U.S. at 217–18 (discussing this exemption). If this exemption applies, there is no waiver of sovereign immunity, and this Court lacks subject matter jurisdiction.

In *Ali*, the Supreme Court recognized that the exemption in § 2680(c) also includes situations where BOP officers negligently lost the property of an inmate. *Ali*, 552 U.S. 217–18. The plaintiff in *Ali*, a federal inmate, alleged that employees of the BOP negligently or wrongfully lost some of his personal items during his transfer from one prison to another. *Id.* at 216-18. The Court held that employees of the BOP qualify as "other law enforcement officers" under § 2680(c), and the exemption applies to claims pertaining to loss of property by BOP officials. *Id.* at 227-28. As a result, the Court affirmed the dismissal of Plaintiff's claims under the FTCA on grounds of lack of subject matter jurisdiction. *Id.* at 228.

In light of *Ali*, the United States is immune from a lawsuit based on the alleged unlawful detention of Plaintiff's property. Consequently, Plaintiff's FTCA claim must be dismissed.

Additionally, the Court recognizes that the BOP treated Plaintiff's administrative claim as arising under 31 U.S.C. § 3723, rather than as a claim under the FTCA. The administrative remedy provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained. *See Ali*, 552 U.S. at 228. An agency's decision under § 3723, however, is not subject to judicial review. *See Edkins v. United States*, No. 13–cv–14421, 2015 WL 871587, at *14 (E.D. Mich. Feb. 27, 2015) (collecting cases); *Hoskins v. Craig*, No.

4

(4:16CV00155)

11–296–GPM, 2013 WL 675734, at *3 (S.D. Ill. Feb. 25, 2013).  Plaintiff cannot obtain judicial

relief under § 3723.

### IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A for lack of subject

matter jurisdiction.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith.


IT IS SO ORDERED.


 April 29, 2016                                    /s/ Benita Y. Pearson
Date                                         Benita Y. Pearson
                                             United States District Judge

5